**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| Law Offices of Mark J. Muffoletto, LLC | * | |
| Plaintiff | * | |
| v. | * | 1:21-cv-00116-DKC |
| American Recovery Service Incorporated | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT OF MARK J. MUFFOLETTO**

I, Mark J. Muffoletto ("Muffoletto"), do hereby depose, affirm and state the following:

(A) I am the sole Member of Plaintiff Law Offices of Mark J. Muffoletto, LLC ("Plaintiff" and/or "MJM"). I am a licensed Maryland attorney.

(B) I was formerly Managing Member of Amos & Muffoletto, LLC[1] ("A&M").

(C) I am familiar with the business records of both MJM and A&M and, in particular, I am familiar with records involved in this litigation. There records are kept under my supervision and control.

(D) The business records of both MJM and A&M were made in the regular course of business, and it is the regular course of business to make such records.

(E) The entries of the records of both MJM and A&M were made at or near the time of the transaction to which they refer.

(F) I have relied upon said business records and upon my personal knowledge of this matter in making this Affidavit. Where no documents are attached, I rely upon my personal knowledge.

---
[1] Formerly known as Amos, Muffoletto & Mack, LLC.

1. MJM is a registered Maryland limited liability company that was formed in 2001. MJM is a law firm of attorneys licensed to practice law in the State of Maryland.

2. MJM began a relationship with Defendant American Recovery Services Incorporated ("Defendant" and/or "ARSI") in 2008, whereby, for a period of years ARSI would forward accounts to MJM for legal action.

3. A&M is a registered Maryland limited liability company that was formed in 2011. At the time of A&M's formation, I began operating under the A&M name. A&M was a law firm of attorneys licensed to practice law in the State of Maryland.

4. Karen Amos ("Amos") is a licensed Maryland attorney that primarily controlled the family law and appellate department of A&M. I was responsible for all A&M matters other than family law, including but not limited to, all collection matters and firm management.

5. On September 13, 2017, ARSI and A&M entered into the Forwarding Attorney Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as *Exhibit 1.*

6. ARSI and A&M operated under the terms of the Agreement up through June, 2020.

7. In June, 2020, it was decided that Amos and the family law department of A&M would become Of Counsel to MJM and ultimately leave the firm. The family law department was comprised of Amos and one other attorney (the "Family Law Department").

8. Upon the departure of the Family Law Department, it was decided that my practice would change from A&M back to MJM.

9. At that time, other than the departure of the Family Law Department, there was no change in employees, office location, website and/or phone numbers.

10. The Family Law Department never worked on any ARSI files, nor did they take any ARSI files or business upon leaving A&M.

11. On June 30, 2020, A&M effectively ceased operations and the firm resumed using the name of MJM. MJM assumed all files, assets and liabilities of A&M.

12. A&M's current sole purpose, as a Maryland limited liability company, is to wind up its affairs.

13. Prior to the official change from A&M to MJM, having had a past long relationship with ARSI, I had numerous conversations with various employees for ARSI, regarding the change from A&M back to MJM, including but not limited to the President of ARSI, Noubar Assadourian ("Assadourian").

14. On June 30, 2020, MJM formally notified ARSI via email that it was taking over the accounts and relationship with ARSI from A&M, as a direct result of A&M reverting back to MJM. This email was received by numerous ARSI representatives. A true and accurate copy of this email is attached hereto as *Exhibit 2.*

15. Upon receiving the June 30, 2020 email, ARSI changed the identification of A&M in its portal, Outside Agency Control System ("OACS"), to MJM and transitioned the relationship immediately. A true and accurate copy of emails from ARSI confirming the name change and a screenshot of the OACS system is attached hereto as *Exhibit 3.*

16. ARSI and MJM continued their relationship and operated under the Agreement. ARSI continuously placed claims with and MJM under the same terms and procedures.

A true and accurate copy of an incentive check for the month of December to MJM from ARSI is attached hereto as *Exhibit 4.*

17. In November 2020, the relationship between ARSI and MJM began to strain.

18. On November 16, 2020, Tom Baxter ("Baxter"), as Chief Executive Officer of ARSI, verbally terminated the Agreement with MJM.

19. On November 17, 2020, James P. Garrett ("Garrett"), as General Counsel for ARSI, emailed MJM and referenced the 12-year relationship between ARSI and MJM and their contractual relationship. A true and accurate copy of this email is attached hereto as *Exhibit 5.*

20. On November 19, 2020 on a phone call with Garrett and Assadourian, Garrett stated that there is a contract between ARSI and MJM and that I "will follow its terms."

21. On November 19, 2020, Garrett emailed MJM regarding the continued existence of ARSI and MJM's contractual relationship. A true and accurate copy of this email is attached hereto as *Exhibit 6.*

22. Again, on December 1, 2020, Garrett emailed MJM that the Agreement between ARSI and MJM was still in effect, but stopped placing accounts with MJM. A true and accurate copy of this email is attached hereto as *Exhibit 7.*

23. On January 5, 2021, ARSI emailed MJM and demanded that MJM cease all collection efforts and return all claims to ARSI. A true and accurate copy of this email is attached hereto as *Exhibit 8.*

I hereby declare under penalty of perjury that the foregoing is true and correct and based upon personal knowledge.

| | |
|---|---|
| 2/2/21 | *[signature]* |
| Date | Mark J. Muffoletto |