```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

                                    :
LAW OFFICES OF MARK J.
MUFFOLETTO, LLC                     :

     v.                             :   Civil Action No. DKC 21-116

                                    :
AMERICAN RECOVERY SERVICE
INCORPORATED                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action raising breach of contract and related common law claims is Plaintiff's motion to remand. For the following reasons, the motion will be granted.

In 2017, a "law firm" entered into a contract with Defendant American Recovery Service, Inc. ("ARSI"). That contract contained a forum selection clause that provides that any claim by the law firm against ARSI will be decided in the state courts of Maryland. Plaintiff, Law Offices of Mark J. Muffoletto, LLC ("MJM"), claims to be the law firm, or its successor, and filed suit in the Circuit Court for Howard County. Defendant, which disputes that Plaintiff is the successor or has any right to enforce the contract, removed the case to this court. Defendant claims to have the right to remove the state court action to this court despite the forum selection clause, based on its contention that Plaintiff is not a party to the contract.

**I.   Procedural History**

In December 2020, Plaintiff filed suit in the Circuit Court for Howard County, Maryland.  The first amended complaint alleges 1) a breach of contract based on the "Forwarding Attorney Agreement" as "MJM is the successor to A&M,"[1] 2) unjust enrichment, 3) *quantum meruit*, and 4) negligence.  (ECF No. 3).

Defendant removed the case based on diversity of citizenship jurisdiction.  It states that the forum selection clause within the "Forwarding Attorney Agreement" does not apply as "MJM is simply not the successor of A&M."  (ECF No. 1).  Defendant also filed a motion to dismiss for failure to state a claim as to all four counts, arguing that neither privity nor a "common law duty of care" existed between Plaintiff and ARSI to support these claims.  (ECF No. 11).  Defendant filed a counterclaim alleging "actual fraud" and seeking a declaratory judgment that the MJM "is not a party to, or a successor to a party to, the Forwarding Attorney Agreement . . . such that ARSI does not owe any duties" to it, "now or going forward."  If the Agreement is nonetheless found to apply, it seeks a declaration in the alternative that § 11.3 of the Agreement "prohibits the assertion of an attorney's lien and limits any compensation." (ECF No. 12).

---

[1] "A&M" refers to Amos & Muffoletto, LLC, or Amos, Muffoletto & Mack, LLC.

2

On February 3, 2021, Plaintiff filed a motion to remand. It does not refute that diversity would otherwise exist, but argues that Defendant "waived its right to remove . . . via the forum selection clause in the Forwarding Attorney Agreement" and that "there are no instances of fraud, as purported by ARSI" that would bar this clause from applying. (ECF No. 14).

## II. Standards of Review

To resolve the motion to remand, the applicability and validity of the forum selection clause must be assessed. In diversity cases, the Fourth Circuit has applied the relevant state law for evaluating the applicability of a forum selection clause, which in Maryland is the same as the federal standard. *See Koch v. Am. Online, Inc.*, 139 F.Supp.2d 690, 693 (D.Md. 2000) (citing *Eisaman v. Cinema Grill Sys., Inc.*, 87 F.Supp.2d 446, 448 (D.Md. 1999)). This court has previously explained that standard:

> Generally, a remand to state court is appropriate where the court either lacks subject matter jurisdiction over the case or due to some defect in the removal process. *See* 28 U.S.C. § 1447(c) (motion to remand based on lack of subject matter jurisdiction may be brought "at any time before final judgment," while a motion "on the basis of any defect other than subject matter jurisdiction must be made within 30 days after filing of the notice of removal"). Motions to remand on the basis of a forum-selection clause, however, are based on neither lack of jurisdiction nor any defect. As the Ninth Circuit explained in *Kamm v. ITEX Corp.,* 568 F.3d 752, 756 (9th Cir. 2009):

3

> A forum selection clause operates outside of the various requirements for removal specified in [28 U.S.C.] §§ 1441–1453. The existence of such a clause does not render removal "defective" as we have understood that term in our cases decided under § 1447(c). Instead, a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c). The Supreme Court has explicitly held that remands based on abstention and a refusal to exercise supplemental jurisdiction are not covered by § 1447(c). *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (abstention); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 355 n. 11, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (supplemental jurisdiction); *see also Kircher v. Putnam Funds Trust,* 547 U.S. 633, 640, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006) (discussing *Quackenbush* without stating that it is no longer good law following the 1996 amendment of § 1447(c)).

*See also Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1212 n. 7 (3ᵈ Cir. 1991) ("A forum selection clause does not oust a court of subject matter jurisdiction, and abstention is, of course, predicated on the notion that while the federal court has subject jurisdiction, it should decline to *exercise* it.") (internal citation omitted;

> emphasis in original)). Thus, as a prudential matter, federal courts should give effect to a valid and enforceable forum-selection clause, despite the fact that the case was properly removed.
>
> Courts considering remand motions in this context have uniformly conducted their analyses in terms of whether a given forum-selection clause constitutes a waiver of the right to remove. *See, e.g., Yakin v. Tyler Hill Corp.,* 566 F.3d 72, 76 (2[]$^d$ Cir. 2009) ("To the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove."); *Global Satellite Communication Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir. 2004) ("forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court."). In determining whether a party has contractually waived its right to remove, courts should use "'the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.'" *Welborn v. Classic Syndicate, Inc.,* 807 F.Supp. 388, 391 (W.D.N.C. 1992) (quoting *Foster,* 933 F.2d at 1215 n.15).

*Ruifrok v. White Glove Rest. Servs., LLC.,* No. DKC 10-211, 2010 WL 4103685, at *1-*2 & n.4 (Oct. 18, 2010) (citing *Gilman v. Wheat, First Sec., Inc.*, 345 Md. 361, 371–78 (1997)).

Ordinarily, the burden is on the removing party to establish the propriety of removal, including subject matter jurisdiction. *Bartels ex rel. Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668, 680 (4th Cir. 2019). As noted above, however, the forum selection clause has nothing to do with subject matter jurisdiction. "Thus, in the removal context, an enforceable forum-

selection clause essentially operates as an affirmative defense to removal — subject matter exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction.  The party asserting an affirmative defense bears the burden of proving it . . . ."  *Id*. at 81.  Plaintiff must do so by the preponderance of the evidence.  *Pfohl v. Saber Healthcare, LLC*, 784 Fed.Appx. 137, 140 (4th Cir. 2019).

**III. Analysis**

It is undisputed that ARSI is an original signatory to the "Forwarding Attorney Agreement" ("the Agreement"), which contains the forum selection clause in question, and that this clause is mandatory.  Defendant's only arguments against its enforcement are that Plaintiff is not a signatory and that it committed "fraud" by representing a change in legal entities as a mere name change; it argues the latter invalidates any attempt by Plaintiff to modify the contract or, by extension, enforce the provision in question.

"A forum-selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'"  *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007) (quoting *In M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972)).  "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in

court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *Belfiore v. Summit Fed. Credit Union*, 452 F.Supp.2d 629, 633 (D.Md. 2006) (quoting *Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir. 1996)).

Here, the question of whether Plaintiff is a legal successor to the "law firm" need not be firmly resolved because, even if it is not, it may rely on and enforce the forum selection clause in this instance.  Nearly all the courts that have encountered the issue raised by Defendant have ruled that "a non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory."  *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013); *accord EverBank Comm. Fin., Inc. v. Neighbors Glob. Holdings, LLC,* No. 2:17-3356 (WJM), 2017 WL 5598216, at *2 (D.N.J. 2017); see *also Liles v. Ginn-La West End, Ltd*, 631 F.3d 1242 (11th Cir. 2011) (reasoning by analogy to arbitration clauses and allowing a nonsignatory to enforce a forum-selection clause against a signatory on equitable estoppel grounds); *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012) (collecting cases that use the "closely related" standard to determine if a

7

nonparty may enforce or be bound by a forum-selection clause and noting, "A forum selection clause is sometimes enforced by a company that is under common ownership."); *but cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 407 & n.13 (3d Cir. 2017) (citing *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1293-97 (3d Cir. 1996)) ("We have held, however, that a forum selection clause 'can be enforced only by the signator[y] to [the] agreement[]'").

The utility of a forum-selection clause is furthered when a rather expansive view of who can enforce it applies. "[W]here the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and nonparties, should benefit from and be subject to forum selection clauses." *Magi XXI*, 714 F.3d at 722 (quoting *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007). In *Peterson v. Evapco, Inc.*, 238 Md.App. 1, 33-47 (2018), the Court of Special Appeals of Maryland charted the full history of the doctrine and explained that the test centers around who is a "foreseeable" complainant of conduct governed by a forum-selection clause. The court wrote, "to determine whether a non-signatory is closely related such that application of the forum-selection clause would be foreseeable, we look to 'the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement.'"

8

*Id.* at 46 (citing *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 219 (3ᵈ Cir. 2015)).

According to his uncontradicted declaration, Mr. Muffoletto was the managing member of the other signatory to the Agreement, Amos, Muffoletto & Mack, LLC, as well as Amos & Muffoletto, its later name.  MJM, the Plaintiff in this case, was formed in 2001, and it began a relationship with ARSI in 2008.  Mr. Muffoletto began operating under the name A&M in 2011.  In 2017, ARSI and A&M entered into the Agreement and operated under it until June 2020.  At that point, with the departure of some of the attorneys, Mr. Muffoletto decided to change back to MJM, and A&M effectively ceased operations.

Defendant admits to the contents of a June 30, 2020 email in which Mr. Muffoletto gave express notice to ARSI that his firm was reverting to its original name "The Law Office of Mark J. Muffoletto," asked ARSI to change its name in all its accounts, and offered its unique Tax ID number.  (ECF No. 19) (citing ECF No. 15-1) (filed under seal).

Plaintiff and A&M clearly are "closely related" as that term applies.  They both are law firms operated by Mr. Muffoletto when doing business with ARSI.  It was foreseeable to ARSI that, in continuing to work with Mr. Muffoletto after receiving his June email, Plaintiff would seek to enforce the contract.

9

Nor does Defendant's allegation that the purported modification was induced by fraud affect enforcement of this provision. Judge Legg explained that once the applicability of a forum-selection clause has been established, it is found to be unenforceable only if it is found to be "unreasonable." *Tech USA, Inc. v. Evans*, 592 F.Supp.2d 852, 856 (D.Md. 2009). He wrote,

> The Maryland Court of Appeals in *Gilman*[,] 345 Md. [at] 361[] adopted the Bremen "unreasonableness" standard for determining the validity of forum-selection clauses. In so doing, the *Gilman* court re-stated the *Bremen* test as follows: a forum-selection clause is "unreasonable" if "(1) it was *induced* by fraud or overreaching, (2) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or its day in court, or (3) enforcement would contravene a strong public policy of the State where the action was filed."

*Id.* (emphasis added). Here Defendant puts only the first potential form of unreasonableness at issue: a clause induced by fraud.

Defendant's allegation of fraud, even if true, does not have any effect on the *formation* of this contract or the forum selection clause so as to invalidate the enforcement of the latter. The alleged "fraud" occurred well after the creation of the contract and the adoption of the forum selection clauses. Any purported "modification" to include Plaintiff explicitly as a party to the contract is beside the point. The clause is enforceable against

10

Defendant by Plaintiff, Defendant waived its right to remove a case to federal court, and the motion to remand will be granted.

## IV. Motions to Seal

There are two pending motions to seal, one by Plaintiff and one by Defendant. (ECF Nos. 16 and 21). There is a well-established common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *see also Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). Local Rule 105.11 requires the party seeking sealing to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Before sealing any documents, the court must provide notice of counsel's request to seal and an opportunity to object to the request before the court makes its decision. *See In re Knight Publi'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Either notifying the persons present in the courtroom or docketing the motion "reasonably in advance of deciding the issue" will satisfy the notice requirement. *Id.* When a motion to seal is denied, the party making the filing ordinarily will be given an opportunity to withdraw the materials. Local Rule 105.11. In this case, both motions lack sufficient justification, but, because the case will be remanded, the court will only "unseal"

11

the material to the extent it is quoted in this opinion and will defer resolution concerning the other material.[2]

Plaintiff moves to seal "Exhibits 1-8" to its motion to remand, including the Agreement itself and numerous items of correspondence between the parties.  (ECF No. 16, at 1-2) (referencing ECF No. 15) (filed under seal).  It notes that the third exhibit contains "personal identifying information of individual debtors" but that this information has already been redacted.  (*Id.*, at 2 n.1) (referencing ECF No. 15-2, at 4). The exhibits are all nonetheless necessarily confidential, Plaintiff argues, due to the Confidentiality Provision of the Agreement (ECF No. 15, ¶ 18.6), and as the correspondence is protected under attorney-client privilege.  Plaintiff argues "There are no alternatives to sealing" these exhibits as otherwise redaction of the entire documents would be required.  Neither this contract provision nor the attorney-client privilege prohibits disclosure of these documents, however.

Even setting aside the clear obstacles to the wholesale sealing of the documents requested, particularly the Agreement on which Plaintiff's complaint is centrally based, disclosure of the

---

[2] Several other motions are also pending and will remain for resolution by the state court after remand.  To the extent that any exhibit not mentioned in this decision might be relevant to those motions, the matter of sealing is best addressed by the state court.

Agreement is allowed by its express terms, "to enforce this Agreement." The communications between Plaintiff and Defendant, moreover, are not protected by the attorney-client privilege either. "As a general rule, a client may waive the attorney-client privilege either expressly or by implication. . . . [I]mplied waiver occurs where a litigant puts the substance of a confidential communication at issue in the litigation or by selective disclosure." *Elat v. Emandopngoubene*, No. PWG-11-2931, 2013 WL 1146205, at *4 (D.Md. Mar. 18, 2013). Here both exceptions apply, as Defendant relies on explicit reference to numerous correspondence between itself and Plaintiff in its opposition to the motion to remand and other filings, while nevertheless invoking the privilege as to a single email in its own motion to seal, discussed more fully below. (*See, e.g.*, ECF No. 12, ¶¶ 20-21, 25); (*compare with* ECF No. 21).

This scenario is analogous to a Washington state court case highlighted by the Court of Appeals of Maryland: *Pappas v. Holloway*, 114 Wash.2d 198 (1990). *See Parler & Wobber v. Miles & Stockbridge*, 359 Md. 671, 699 (2000). In *Pappas*, an attorney sued his former client for unpaid attorney's fees and the client countersued for malpractice. To allow the client to invoke the attorney-client privilege in that case would have meant a "manifest injustice," the Maryland court explained, because it would have "depriv[ed] the attorney of the means of obtaining or defending

13

his own rights." *Parler*, 359 Md. at 699 (citing *Pappas*, 114 Wash.2d at 204). The privilege therefore was considered waived, as it is here. This motion is without merit. The portions of those sealed documents relevant to this decision have been quoted directly, so the exhibits themselves can remain under seal in this court record.

In a similar vein, Defendant moves to seal "Exhibit A" of an affidavit from its General Counsel, attached to its opposition to remand. It asserts it "contains communications which may be deemed protected under the attorney-client privilege." (ECF No. 21). As alluded to above, however, Defendant has put these, and other, communications between ARSI and Plaintiff directly at issue. In that sense, it has implicitly waived the right to invoke the attorney-client privilege. This motion to seal is similarly without merit. The relevant portions of that document are unsealed to the extent quoted in this decision.

## V. Conclusion

For the foregoing reasons, the motion to remand will be granted. The motions to seal will be denied in part and deferred in part. The documents in question will remain under seal in this record except as quoted in this opinion. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
